# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

## PRISONER COMPLAINT
## [FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

Joe Nathan James, Jr
Name under which you were convicted

Z-610
Your prison number

Terry Raybon (official capacity)  CIVIL ACTION NO. 22-CV-253-TFM-N
vs. John Hamm (official capacity) (To be supplied by Clerk of Court)
Julia Jordan Weller (official capacity)
Steve Marshall (official capacity)
Name of Defendant(s)  Earl Marsh, Jr. (official capacity)
Sheriff of Jefferson County (official capacity)

Holman Prison, K-25 Holman 3700, Atmore, AL 36503
Place of Confinement and Address

## INSTRUCTIONS - READ CAREFULLY

A. <u>Complaint Form</u>. You must file your original complaint and a copy for each named Defendant. Your complaint must be <u>clearly</u> handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. <u>Any false statement of material fact may serve as the basis for prosecution for perjury</u>.

B. <u>Proper Court</u>. Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. <u>Separate Case</u>. It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. <u>Defendants</u>. The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other pleading filed with the Court.

Rev. 12/1/2020

E. <u>Pleading the Complaint</u>. Your complaint <u>should</u> <u>not</u> contain legal arguments, case law or statutory citations. You are required to provide facts. Your complaint shall be a <u>short</u> and <u>plain</u> statement of your claim and shall provide fair notice <u>to</u> <u>each</u> <u>defendant</u> of the claim against that defendant and of the factual grounds upon which the claim rests.

F. <u>Fees</u>. This complaint cannot be properly filed unless it is accompanied by the $402.00 filing fee, or a motion to proceed without prepayment of fees if you are unable to afford the filing fee and other costs associated with prosecuting this action. If IFP is granted the filing fee is $350.00.

    If you are unable to pay the filing fee and service costs for this action, you may ask the Court to let you proceed without prepayment of fees and costs. A blank motion for this purpose is included.

    If you wish to proceed without prepayment of fees and costs, you must complete and mail to the Clerk of Court a copy of the "Motion to Proceed Without Prepayment of Fees" mailed to you with this complaint. This motion will be returned to you without action unless you have an authorized officer at the jail or prison complete the financial statement mailed to you with this form.

    Even if the Court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $350.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20 percent of your average monthly balance in your prison account or your average monthly balance for six months immediately preceding the filing of your complaint. Thereafter, your prison account will be garnished at the rate of 20 percent of your monthly income until the filing fee is paid.

G. <u>Form of Pleadings</u>. All pleadings and other papers filed <u>must</u> be on 8 1/2" x 11" paper, <u>legibly</u> handwritten or typewritten. Every document filed after the complaint must have the style of the case and the <u>docket</u> <u>number</u>. Every pleading must be signed by you and must contain your address and telephone number, if any; otherwise, the pleading <u>will</u> <u>be</u> <u>stricken</u>. <u>See</u> Fed. R. Civ. P. 11(a). No notary is required.

H. <u>Certificate of Service</u>. Each pleading filed after the complaint <u>must</u> contain a certificate of service indicating that the pleading has been served on the opposing parties and the date that it was sent. A pleading <u>will</u> <u>be</u> <u>stricken</u> if it does not contain this certificate of service. <u>See</u> Fed. R. Civ. P. 5.

I. <u>Copies</u>. This Court <u>will</u> <u>not</u> make copies of your complaint or pleadings unless you prepay the required per page copying fee.

J. <u>Form of Pleadings</u>. <u>Do</u> <u>not</u> write letters to the Court. All pleadings and documents should be sent to the Clerk of the Court, and not to a magistrate judge or a district judge.

K. <u>No Evidence</u>. No evidence shall be sent to the Court for filing or storing.

**I. PREVIOUS LAWSUITS.**

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:
   Yes ( )    No (✓)

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:
   Yes (✓)   No ( )

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)

   1. Parties to this previous lawsuit:

   Plaintiffs: Joe Nathan James Jr.

   Defendants: Terry Braybon; Commissioner of Alabama Department of Corrections

   2. Court (if federal court, name the district; if state court, name the county): United States District Court for the Southern District of Alabama

   3. Docket Number: 20-0299-CG-MU

   4. Were you granted the opportunity to proceed without payment of filing fees?
   Yes ( )    No (✓)

   5. Name of judge to whom the case was assigned: P. Bradley Murray

   6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

   dismissed without prejudice for being malicious

   7. Approximate date of filing lawsuit: May 31, 2020

   8. Approximate date of ruling by court: July 20, 2020

3

## II. YOUR PRESENT COMPLAINT.

A. Place or institution where action complained of occurred: Holman Prison

B. Date it occurred: On going

C. Is there a prisoner grievance procedure in this institution? NO

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( )    No (✓)

E. If your answer is YES:

   1. What steps did you take? N/A

   2. What was the result? N/A

F. If your answer is NO, explain why not: No grievance process

G. Your claim (briefly explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

On March 17, 2022 the Attorney General of the State of Alabama, Steve Marshal, filed a Motion with the Alabama Supreme Court pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, requesting the Court to set an execution date for the Plaintiff, on June 7, 2022 the Alabama Supreme Court granted the Motion and the Clerk of the Alabama Supreme Court, Julia Jordan Weller, issued an execution warrant setting a date for the Plaintiff to be executed on July 28, 2022, on June 8, 2022 the Marshal of the Appellate Courts of Alabama, Earl Marsh, Jr., delivered the execution warrant to Terry Raybon, Warden of Holman Prison →

## III. PARTIES.

A. <u>Plaintiff</u> (Your name/AIS): Joe Nathan James, Jr. Z-610

Your present address: K-25 Holman 3700 Atmore, AL. 36503

B. <u>Defendant(s)</u>:

1. Defendant (full name) Terry Raybon is employed as Warden at Holman Prison

His/her present address is Holman 3700 Atmore, AL. 36503.

(a) Claim against this defendant: Due process and Equal protection deprivation.

(b) Supporting facts (Include date/location of incident):
received the Plaintiff without a execution warrant, subjected him to punishment on a suspended sentence, and intend on killing the Plaintiff through use of a void execution warrant

2. Defendant (full name) John Hamm is employed as Commissioner at Department of Corrections.

His/her present address is 301 S. Ripley Street, Montgomery, AL. 36130-1501

(a) Claim against this defendant: due process and Equal protection deprivation.

(b) Supporting facts (Include date/location of incident):
has created a policy that has subjected the Plaintiff to punishment with no execution warrant on a suspended sentence and to the execution process on a void and fraudulent warrant

3. Defendant (full name) Julia Jordan Weller is employed as Clerk at Supreme Court of Alabama.

His/her present address is 300 Dexter Avenue Montgomery, AL. 36104-3741

5

(a) Claim against this defendant: __due process and Equal protection deprivation__.

(b) Supporting facts (Include date/location of incident):

__issued a warrant setting an execution date without statutory or Constitutional authority with the intent to cause the Plaintiffs death__

C. <u>Additional Defendants</u>: (If there are additional defendants, you may list them on separate pages using the same outline above).

IV. A. You must answer the following questions:

1. State the conviction(s) for which you are presently incarcerated: __Capital Murder during burglary first degree__.

2. When were you convicted? __June 16, 1999__

3. What is the term of your sentence? __death__

4. When did you start serving this sentence? __N/A__

5. Do you have any other convictions which form the basis of a future sentence?
   Yes ( )    No (✓)

If so, complete the following:

(a) Date of conviction: __N/A__

(b) Term of sentence: __N/A__

6. What is your expected end of sentence (E.O.S.) date? __N/A__

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|  | Conviction | Sentence |
|---|---|---|
| Reversed | yes( ) no(✓) | yes( ) no(✓) |
| Expunged | yes( ) no(✓) | yes( ) no(✓) |
| Invalidated | yes( ) no(✓) | yes( ) no(✓) |

6

Writ of habeas yes( ) no(✓)   yes( ) no(✓)
corpus granted

C. If you answered yes to any of the questions, state the Court or entity that relieved you from your conviction or sentence and the date: ___N/A___

V. State briefly exactly what you want the Court to do for you if you win (make no legal argument, cite no cases or statutes):

Stay the Execution set for July 28, 2022 because of the void and fraudulent warrant and order that because of the due process and equal protection violations that no Execution warrant shall issue in this matter

VI. **AFFIRMATION.** By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct.

6/16/22
Date

Joe N. James #Z-610
(Signature of Plaintiff Under Penalty of Perjury)

K-25 Hilman 3700
Current Mailing Address

Atmore, AL. 36503

N/A
Telephone Number

PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN HIS ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.

7

1

Continued:

who began the process to carry out the Plaintiff's execution using the execution warrant as license and authority to do so, the law in Alabama, § 15-18-80 (a)+(b) of the Alabama Code 1975 provides that (a) whenever any person is sentenced to death, the clerk of the Court in which the sentence is pronounced "shall", within 10 days after sentence has been pronounced, issue a warrant under the seal of the Court for the execution of the sentence of death, which warrant shall recite the fact of conviction, setting forth specifically the offense, the judgment of the Court and the time fixed for his execution, and which shall be directed to the Warden of the William C. Holman unit of the prison system at Atmore, commanding him to proceed, at the time and place named in the sentence, to carry the same into execution, as provided in Section 15-18-82, and the clerk "shall" deliver such warrant to the sheriff of the County in which such judgment of conviction was had, to be by him delivered to the said warden, "together" with the condemned person as provided in subsection (b) of this section, provided, however, that in case of appeal to the Supreme Court of Alabama by the defendant and the "suspension" of execution of sentence by the trial Court, said condemned person shall remain in the County jail of the County in which the conviction was had unless the Court in

2

which the case is tried orders otherwise, in which case, upon the affirmation of the appeal by the Supreme Court, said warrant for the execution of the death sentence, under seal of the Court, together with the person of the condemned shall be delivered within 10 days after such affirmation to the Warden of Holman Prison as provided above. (b) immediately upon the receipt of such warrant, the sheriff "shall" transport such condemned person to the William C. Holman unit of the prison system at Atmore "shall" deliver him and the warrant aforesaid into the hands of the Warden and shall take from the Warden his receipt for such person and such warrant, which receipt the sheriff shall return to the office of the clerk of Court where the judgment of death was rendered. For his services, the sheriff shall be entitled to the same compensation as now provided by law to sheriffs for removing or conveying prisoners.

The Sheriff of Jefferson County transported the Plaintiff to Holman Prison without receipt of the execution warrant, with the intent to deny the Plaintiff of due process and equal protection, the Attorney General of the State of Alabama sought an execution date from the Alabama Supreme Court with the intent to deprive the Plaintiff of due process and

equal protection and to subject him to a second punishment, the Clerk of the Alabama Supreme Court issued the warrant setting the execution date with the intent to deprive the Plaintiff of due process and equal protection and to subject him to a second punishment, the Marshal of the Appellate Courts of Alabama delivered the warrant with the intent to deprive the Plaintiff of due process, the Warden of Holman Prison received the Plaintiff from the Sheriff without an execution warrant with the intent to deprive the Plaintiff of due process, equal protection and to subject him to punishment on an suspended sentence, the Warden of Holman Prison received the execution warrant from the Marshal of the Appellate Courts of Alabama, after having been delivered the Plaintiff twenty two plus years prior, with the intent to deprive the Plaintiff of due process and equal protection, and to subject the Plaintiff to a second punishment by taking his life.

The Plaintiff's substantive and procedural due process rights guaranteed by the Fourteenth Amendment of the United States Constitution has been deprived in this matter placing the Plaintiff's life in imminent danger, the Plaintiff therefore asks this Court to issue a temporary restraining order, ordering Terry Raybon to cease the execution process and to disregard the command of the execution warrant,

21

The Plaintiff also asks this Court to issue a preliminary injunction staying and forbidding the execution set for July 28, 2022 because of the substantive and procedural due process deprivations and violations that resulted in a void execution warrant.

Defendants:

4. Steve Marshall, Attorney General, State of Alabama, 501 Washington Avenue Montgomery, AL. 36130
Claim: due process and equal protection violation
Supporting facts: Sought an Execution warrant from the Alabama Supreme Court knowing it had no authority to issue one with the intent to cause the Plaintiff's death.

5. Earl Marsh, Jr., Marshal, Appellate Courts of Alabama 300 Dexter Avenue Montgomery, AL. 36104-3741
Claim: due process violation
Supporting facts: Served the execution warrant without the Plaintiff and without statutory or Constitutional authority, with the intent to cause the Plaintiff's death

6. Sheriff of Jefferson County, 2200 Rev Abraham Woods Jr., BLVD, Birmingham AL., 35203
Claim: due process and equal protection violations
Supporting facts: delivered the Plaintiff to Holman Prison with no Execution warrant and while the Plaintiff's sentence was suspended with the intent to subject the Plaintiff to punishment and possibly death.

Previous lawsuits:

1. James v. Bailey, CA No. 2:96-CV-01053-SLB-ETC (N.D. Ala. Oct. 11, 1996)
2. James v. Alabama, CA No. 5:96-CV-001340-ELN-ETC (N.D. Ala. July 22, 1996).
3. James v. Bailey, CA No. 2:96-CV-01523-JFG-ETC (N.D. Ala. Oct. 11, 1996)
4. James v. Raybon, et al., Civil Action: 20-0299-CG-MU
5. James v. Raybon, et al., CA No. 21-0437-CG-MU
6. James v. Raybon et al., CA No. 21-0450-CG-MU
7. James v. Marshall et al., CA No. 21-0453-CG-MU
8. James v. Jefferson County et al., CA No. 22-33-CG-MU

Habeas Actions:

1. James v. Garrett, CA No. 2:95-CV-01115-SLB-ETC
2. James v. Culliver, CA N. 2:10-CV-02929-CLS-HGD; Aff'd James v. Warden, ___ F.3d ___ (11th Cir. July 1, 2020)
3. James v. Raybon, Case No.: 1:22-CV-00152-JB-N



# IN THE SUPREME COURT OF ALABAMA

June 7, 2022

1991959

Ex parte Joe Nathan James, Jr. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Joe Nathan James, Jr. v. State of Alabama) (Jefferson Circuit Court: CC-95-4747; Criminal Appeals: CR-98-2417).

## ORDER

The "State of Alabama's Motion to Set an Execution Date" filed by the State of Alabama on March 17, 2022, having been submitted to this Court,

IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that:

1. Thursday, July 28, 2022, be fixed as the date for the execution of the convict, Joe Nathan James, Jr., who is now confined in the William C. Holman Correctional Facility Unit of the Alabama Department of Corrections prison system located in Atmore, Escambia County, Alabama;

2. The Warden of the William C. Holman Correctional Facility execute the order, judgment, and sentence of law on July 28, 2022, in the William C. Holman Correctional Facility Unit by the means provided by law, causing the death of such convict;

3. The Marshal of the Appellate Courts of Alabama shall deliver, within five (5) days from the date of this Order, a certified copy of this Order to the Warden of the William C. Holman Correctional Facility Unit and make due return thereon to this Court; and

Case 1:22-cv-00253-TFM-N   Document 1   Filed 06/27/22   Page 15 of 17   PageID #: 15



# IN THE SUPREME COURT OF ALABAMA

June 7, 2022

4. The Clerk of this Court shall transmit forthwith a certified copy of this Order electronically or by mailing a copy thereof by United States mail, postage prepaid, to the following:

- Joe Nathan James, Jr.;
- the Governor of Alabama;
- the Attorney General of Alabama;
- the Commissioner of the Alabama Department of Corrections;
- the Clerk of the Alabama Court of Criminal Appeals;
- the Clerk of the Jefferson Circuit Court;
- the Clerk of the Supreme Court of the United States;
- the Clerk of the United States Court of Appeals for the Eleventh Circuit; and
- the Clerk of the United States District Court for the Northern District of Alabama.

**Parker, C.J., and Bolin, Shaw, Wise, Bryan, Sellers, Mendheim, Stewart, and Mitchell, JJ., concur.**

I, Julia Jordan Weller, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true, and correct copy of the judgment and order of the Supreme Court of Alabama regarding Joe Nathan James, Jr., as the same appears of record in this Court.

**Witness my hand and the seal this 7th day of June, 2022.**

Julia Jordan Weller
CLERK OF COURT
SUPREME COURT OF ALABAMA



# IN THE SUPREME COURT OF ALABAMA

June 7, 2022

1991959

Ex parte Joe Nathan James, Jr.   PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Joe Nathan James, Jr. v. State of Alabama) (Jefferson Circuit Court: CC-95-4747; Criminal Appeals: CR-98-2417).

## CERTIFICATE OF SERVICE

I, Earl Marsh, Jr., Marshal of the Appellate Courts of Alabama, do hereby certify that I personally delivered a certified copy of the attached execution order setting the execution date of Joe Nathan James, Jr., to Warden Terry Raybon of the William C. Holman Correctional Facility Unit of the Alabama Department of Corrections prison system located in Atmore, Escambia County, Alabama, on this __8TH__ day of June, 2022.

Earl Marsh, Jr.
MARSHAL
APPELLATE COURTS OF ALABAMA

RECEIVED:

Terry Raybon                6/8/22
WARDEN                       Date
WILLIAM C. HOLMAN CORRECTIONAL FACILITY

Joe N. James # Z-610  
K-25  
Holman 3700  
Atmore, AL. 36503












Legal Mail

United States District Court  
Southern District of Alabama  
Clerk  
155 St. Joseph Street  
Mobile, Alabama   36602