IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE NATHAN JAMES, JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-253-TFM-N |
| | ) | |
| TERRY RAYBON, Warden, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **Motion to Dismiss**

Defendants Julia Jordan Weller and Earl Marsh, Jr., sued in their official capacities as Clerk and Marshal of the Supreme Court of Alabama, respectively, move to dismiss the claims against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's claims fail on the merits for the reasons stated in the Motion to Dismiss filed by Defendants Raybon, Hamm, and Marshall (doc. 6), which Defendants Weller and Marsh adopt and incorporate by reference.

In addition, because Weller and Marsh have done nothing more than carry out their ministerial duties as employees of the Supreme Court of Alabama, Plaintiff's claims against Weller and Marsh are barred by sovereign immunity and Plaintiff

1

lacks standing to sue them. This Court therefore lacks jurisdiction to hear the claims against Weller and Marsh.[1]

The Eleventh Amendment generally operates as a bar to federal jurisdiction over a suit against the State or state officials acting in their official capacities. *See generally Idaho v. Coeur d'Alene Tribe of Id.*, 521 U.S. 261, 268-270 (1997). There is a limited exception to this general bar when a plaintiff seeks a declaratory judgment or prospective relief against a law's enforcement. *See Ex parte Young*, 209 U.S. 123, 154 (1908). However, this exception is limited to suit against the officer charged with enforcing the law in question. *Ex parte Young*, 209 U.S. at 157 ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.").

Plaintiff appears to claim that the warrant for his execution is invalid and he seeks an order stopping his pending execution. For this claim, Weller and Marsh do not have a sufficient connection with Alabama's death penalty laws to fit within the *Ex parte Young* exception. Weller's only connection with the Plaintiff's scheduled

---

[1] "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues [in the complaint.]" *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). A Rule 12(b)(1) motion for lack of subject-matter jurisdiction can challenge the sufficiency of the pleading itself (a facial attack), or the factual existence of subject-matter jurisdiction (a factual attack). *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). For a facial attack, the court considers the allegations of the complaint to be true. *Id.* at 1529 (citation omitted).

execution is that as Clerk of the Supreme Court of Alabama, she signed the Supreme

Court's order setting an execution date, certifying that the order "is a full, true, and

correct copy of the judgment and order of the Supreme Court of Alabama regarding

Joe Nathan James, Jr., as the same appears of record in this Court." Doc. 1 at 14-15.

And the only connection that Marsh has is that as Marshal of the Appellate Courts

of Alabama, he delivered a copy of the execution order to Warden Raybon. Doc. 1

at 15.

The Supreme Court has expressly held a court clerk's docketing activity is not

the type of enforcement that confers jurisdiction. In *Whole Women's Health v.*

*Jackson*, 142 S.Ct. 522, 532 (2021), the Court held that court clerks, who simply

docketed the complaints, were not proper defendants in a suit challenging a Texas

abortion law which was enforced through private litigation. The *Ex parte Young*

exception to sovereign immunity "does not normally permit federal courts to issue

injunctions against state-court judges or clerks. Usually, those individuals do not

enforce state laws as executive officials might; instead, they work to resolve disputes

between parties." *Jackson*, 142 S.Ct. at 432. And Marsh's delivery of the Supreme

Court's order should be viewed in the same light. As the Court put it in *Ex parte*

*Young*, an injunction against the "machinery" of the state courts "would be a

violation of the whole scheme of our Government." 209 U.S. at 163. Because Weller

and Marsh do not enforce Alabama's death penalty laws, they are immune from suit.

And for these same reasons, Plaintiff lacks standing to sue Marsh and Weller. To establish standing, Plaintiff must show that he suffered an actual or imminent injury, that there is a causal connection between her injury and the challenged action of the defendant, and that it is likely, not merely speculative, that a favorable judgment will redress her injury. *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019). Focusing on the third element, redressability, Plaintiff must show that "a decision in a plaintiff's favor would significantly increase the likelihood that she would obtain relief that directly redresses the injury," and "it must be the effect of the court's judgment on the defendant—not an absent third party—that redresses the plaintiff's injury." *Id.* at 1301 (cleaned up).

As part of the "machinery" of the court system, Weller and Marsh merely transmitted the Supreme Court's order. An order against them prohibiting them from carrying out Plaintiffs' execution would not stop the execution or make it any less likely to occur. Plaintiff has therefore not met the redressability element of standing and his claims against Weller and Marsh should be dismissed. *See Lewis*, 944 F.3d at 1300 (finding no standing to sue the Attorney General because the Attorney General did not enforce the challenged law; *Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193, 1207-12 (11th Cir. 2020) (holding that plaintiffs lacked standing to sue the Secretary of State concerning the order of candidates on ballots because local election officials enforced the law).

4

For reasons stated in the other defendants' motion to dismiss, because Weller and Marsh are immune from suit, and because Plaintiff lacks standing to bring these claims against Weller and Marsh, the claims against them should be dismissed.[2]

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/James W. Davis
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
A. Reid Harris (ASB-1624-D29X)
  *Assistant Attorneys General*

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Jim.Davis@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov

**Counsel for Defendants Julia Jordan Weller and Earl Marsh, Jr.**

---

[2] Defendant Weller notes that she has not been served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy was also served on the petitioner by FedEx Priority Overnight addressed as follows:

Joe Nathan James Jr.
AIS # Z610
Holman Prison
1240 Ross Road
Atmore, Alabama 36502

James W. Davis
*Counsel for Defendants Julia Jordan Weller and Earl Marsh, Jr.*
