# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JOE NATHAN JAMES,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:22-cv-00253-TFM-N |
| **TERRY RAYBON, Warden,** *et al.* | ) |
| **Defendants.** | ) |

## DEFENDANT SHERIFF MARK PETTWAY'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Sheriff Mark Levie Pettway ("Sheriff Pettway), in his official capacity, moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss any and all claims with prejudice, including any and all 42 U.S.C. § 1983 damage claims and 42 U.S.C. § 1983 injunctive relief claims, that Plaintiff Joe Nathan Jones ("Plaintiff") has asserted against in Plaintiff's Complaint (Doc. 1) ("Complaint"). Plaintiff's complaint fails to state any claim against Sheriff Pettway upon which relief can be granted, and certain claims are time-barred as shown on the face of the complaint. Therefore, this lawsuit should be dismissed with prejudice.

## INTRODUCTION

Plaintiff has been on death row since his 1996 conviction for murder. *James v. State*, 723 So. 2d 776, 786 (Ala. Crim. App. 1998). On March 17, 2022, the State of Alabama filed a motion to set his execution date with the Alabama Supreme

1

Court. On June 7, 2022, the Alabama Supreme Court granted the State's motion, setting Plaintiff's execution for July 28, 2022. The present action, along with multiple other contemporaneous actions, have been filed since Plaintiff's execution date was set. In this action, Plaintiff's only claim against Sheriff Pettway (or his former predecessor sheriff) appears to be for the transportation of Plaintiff to Holman prison over twenty-two (22) years prior to the Supreme Court of Alabama setting the Plaintiff's execution date for July 28, 2022. Any and all claims against Sheriff Pettway are time-barred under the two-years' statute of limitations and all claims against Sheriff Pettway are due to be dismissed with prejudice. Even if Plaintiff had timely filed his Complaint – he did not, Plaintiff failed to show that any similar incidents occurred to any other similar individuals in the same position as Plaintiff, and Sheriff Pettway is entitled to qualified immunity. All claims are due to be dismissed with prejudice.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when it appears that a plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *See Linder v.*

*Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). "A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion when the complaint shows on its face that the limitations period has run." *Powell v. Thomas*, 792 F. Supp. 2d 1285, 1287 (M.D. Ala.), *aff'd*, 643 F.3d 1300 (11th Cir. 2011).

## FACTS

Plaintiff contends that Defendant Pettway wrongfully transported the defendant to Holman Prison twenty-two (22) years ago following his murder conviction. (Doc. 1 at 9-10.) While Plaintiff's underlying argument is unclear, Plaintiff appears to assert that Sheriff Pettway's former predecessor transported the Plaintiff to Holman prison over twenty-two years ago intending to "deny the Plaintiff of due process and equal protection." (Doc. 1 at 9.)

## LEGAL ARGUMENT

Plaintiff alleges federal constitutional claims under 42 U.S.C. § 1983 that Sheriff Pettway, acting in his official capacity, violated Plaintiff's rights to due process and equal protection under the Fourteenth Amendment by transporting Plaintiff to Holman Prison twenty-two years ago after Plaintiff was convicted of

murder. (Doc. 1 at 8-10.) Defendant Sheriff Pettway now moves to dismiss any and all claims asserted against Sheriff Pettway in Plaintiff's Complaint.[1]

## I. Plaintiff's Complaint should be Dismissed with Prejudice because it is Time-Barred as all potential allegations against Sheriff Pettway occurred over Twenty-Two years ago.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, "the two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). It is undisputed that Plaintiff was transferred to Holman prison by Sheriff Pettway's predecessor over twenty-two (22) years prior to filing the Complaint and all claims asserted by Plaintiff against Sheriff Pettway are due to be dismissed with prejudice as time barred.

## II. Plaintiff's Complaint is time barred by the statute of limitations, but even if it was not, Sheriff Pettway has quailed immunity to all potential § 1983 claims asserted by Plaintiff.

Sheriff Pettway is entitled to qualified immunity as to all Plaintiff's federal claims asserted in the Complaint. 17. The allegations do not show that Sheriff Pettway violated any of Plaintiff's constitutional rights and, even if they did, that the

---

[1] Sheriff Pettway adopts and incorporates by reference all legal arguments asserted in Defendants Hamm, Raybon, and Marshall's previously filed Motion to Dismiss.

rights were so clearly established at the time of the alleged violation. These § 1983 claims against Sheriff Pettway are due to be dismissed because Plaintiff failed to adequately plead that Sheriff Pettway can be held liable under these theories of liability.

Plaintiff fails to allege any other event or single incident involving any other individuals outside of the alleged single incident involving the Plaintiff. *See Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice."); *see also Depew*, 787 F.2d at 1499 (observing that "random acts or isolated incidents are insufficient to establish a custom or policy"). Plaintiff failed to show that these similar incidents occurred to any other similar individuals in the same position as Plaintiff under the watch of the Sheriff Pettway or his predecessors.

Sheriff Pettway's training, policies and customs related to the alleged actions, are irrelevant in Plaintiff's Complaint as no underlying constitutional violation could have occurred by any actions or inactions in Sheriff Pettway's supervisory role given the facts alleged in Plaintiff's Complaint. See *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred."); *see also Garczynski v. Bradshaw*, 573 F.3d 1158, 1170 (11th Cir. 2009) ("Analysis of a [governmental] entity's custom or policy is unnecessary [ ] when no constitutional

violation has occurred."). Also, "[d]emonstrating a policy or custom requires showing a persistent and widespread practice." *Goebert v. Lee County*, 510 F.3d 1312, 1332 (11th Cir. 2007). By contrast, isolated incidents do not demonstrate a persistent or widespread practice. *See Letson v. Mitchell*, 2015 U.S. Dist. LEXIS 39885, *26 (N.D. Ala. 2015); *see also McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004).

Plaintiff's Complaint merely alleges that Sheriff Pettway is liable for transporting Plaintiff to Holman prison without pointing to any similar incidents. This conclusory allegation of some supervisory liability claim is not sufficient. See *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotations omitted); *Doe v. School Bd. of Broward Cnty.*, 604 F.3d 1248, 1267 (11th Cir. 2010) (finding that plaintiff was unable to establish supervisory liability claim based on "[c]onclusory assertion of a custom or policy resulting in deliberate indifference"). Plaintiff failed to allege any other previous incident in which Sheriff Pettway violated the Plaintiff's or anyone else's constitutional rights under similar facts, and Sheriff Pettway is entitled to qualified immunity. Sheriff Pettway is entitled to qualified immunity Plaintiff's Complaint is due to be dismissed with prejudice.

## **CONCLUSION**

WHEREFORE, for the reasons asserted, all claims, including any and all 42 U.S.C. § 1983 claims for damages and injunctive relief made by Plaintiff, against Sheriff Pettway, are due to be dismissed with prejudice pursuant to Fed. R. Civ. P. Rule 12(b)(6).

Respectfully submitted,

*/s/ Bruce L. Gordon*
Bruce L. Gordon (asb-1897-r70b)
*Attorney for Defendant Sheriff Mark Levie Pettway*

**OF COUNSEL:**
Gordon, Dana & Gilmore, LLC
600 University Park Place, Suite 100
Birmingham, Alabama 35209
Telephone: (205) 874-7950
Facsimile: (205) 874-7960
bgordon@gattorney.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July 2022, I electronically filed the foregoing using the CM/ECF system, and that I have further served a copy on the Plaintiff, by placing same in the United States Mail, postage prepaid, and addressed as follows:

>Mr. Joe Nathan James
>Z610
>Holman Correctional Facility
>1240 Ross Road
>Atmore, AL 36502

>*/s/ Bruce L. Gordon*
>Of counsel