IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR., <br> AIS 000Z610           ) <br>                                              ) <br>      Plaintiff,         ) <br> vs.                                         ) <br>                                              ) <br> TERRY RAYBON, Warden, *et. al.*,      ) <br>                                              ) <br>      Defendants.        ) | CIV. ACT. NO. 1:22-cv-253-TFM-N |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joe Nathan James, Jr., an Alabama death row inmate, proceeding *pro se* and *in forma pauperis*, filed the instant action, pursuant to 42 U.S.C. § 1983, against Defendants Terry Raybon, John Hamm, Julia Jordan Weller, Steve Marshall, Earl Marsh, Jr., and Mark Levie Pettway for alleged violations of his rights to due process and equal protection. The Court has construed James' Complaint as containing a Motion for Preliminary Injunction (Doc. 3), which is now before the Court, as are the Defendants' Responses (Docs. 6, 7, 9), and review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### I.   Factual and Procedural Background

**A.   Capital Litigation History**

The history of the crime is discussed in great length in the September 30, 2014 opinion issued in James' habeas appeal.[2] *See James v. Culliver*, Civ. Act. No. 10-S-2929, 2014 WL

---

[1] Because Plaintiff proceeds *in forma pauperis*, the Court is required to review his complaint under 28 U.S.C. § 1915(e)(2)(B) which states: "(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...(B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] The Court takes judicial notice of James' previously filed petitions, as well as the appellate

4926178, 2014 U.S. Dist. LEXIS 139696 (N.D. Ala. Sept. 30, 2014). In short summary here, James was convicted of murdering his former girlfriend. The first conviction was reversed due to the judicial error in the admission of certain evidence. However, after retrial, he was again convicted of capital murder on June 16, 1999. The jury then returned a sentencing verdict recommendation by unanimous vote that James be sentenced to death. On July 9, 1999, the trial judge conducted the formal sentencing hearing, adopted the sentencing recommendation, and sentenced James to death. James appealed the second conviction and sentence which were affirmed by the Alabama Court of Criminal Appeals on April 28, 2000. *See James v. State*, 788 So. 2d 185 (Ala. Crim. App. 2000). The Alabama Supreme Court denied certiorari on December 15, 2000, and the United States Supreme Court did the same on May 21, 2001. *See Ex parte James*, No. 1991959, 2000 Ala. LEXIS 1511 (Ala. Dec. 15, 2000), *James v. Alabama*, 532 U.S. 1040, 121 S. Ct. 2005, 149 L. Ed. 2d 1007 (2001).

On May 7, 2002, James then commenced collateral review proceedings in the state system under Rule 32 of the Alabama Rules of Criminal Procedure. He was represented by counsel through these proceedings. The Court entered a final order denying post-conviction relief on October 28, 2004. James appealed the ruling to the Alabama Court of Criminal Appeals which affirmed. *See James v. State*, 61 So. 3d 332 (Ala. Crim. App. 2006). The Alabama Supreme Court reversed and remanded the decision for additional proceedings to develop and review the issue of the ineffective assistance of counsel claims. *Ex parte James*, 61 So. 3d 352, 356 (Ala. 2009).

---

rulings which followed. These opinions are readily available from this this Court's filing system, as well as reliable sources on the Internet, specifically, searches on Westlaw.com. *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (The Court takes judicial notice of its records."); *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (At its discretion, the Court may take judicial notice of documents filed in other judicial proceedings, because they are public documents.).

Following remand, the Alabama Court of Criminal Appeals again affirmed the denial of the claims from the Rule 32 petition and denied the application for a rehearing. *See James v. State*, 61 So. 3d 357 (Ala. Crim. App. 2010). The Supreme Court of Alabama denied the petition for writ of certiorari on October 15, 2010 without opinion.

On October 29, 2010, James filed his federal habeas petition in the Northern District of Alabama and amended the petition on December 31, 2010. *See James v. Culliver*, Civ. Act. No. 10-S-2929, generally. The same counsel served as counsel in this proceeding. After careful review and with a detailed opinion, on September 30, 2014, the court denied his habeas petition and dismissed the petition. *Id.*, 2014 WL 4926178, 2014 U.S. Dist. LEXIS 139696. James' appeal of that judgment was affirmed by the Eleventh Circuit, *James v. Warden*, 957 F.3d 1184 (11th Cir. 2020), and his petition for writ of certiorari was denied by the United States Supreme Court on March 1, 2021. *James v. Raybon*, 141 S. Ct. 1463, 209 L. Ed. 2d 180 (2021). As a result, at this point, his conviction and sentence are final because he completed the direct appeal, state postconviction review, and federal habeas review.

On April 12, 2022, proceeding *pro se*, James filed a second and successive petition for writ of habeas corpus in this Court which was dismissed for lack of jurisdiction as an unauthorized successive petition. *James v. Raybon*, Civ. Act. No. 1:22-cv-152-JB, 2022 U.S. Dist. LEXIS 113260, 2022 WL 2308917 (S.D. Ala. Jun. 27, 2022).

**B.    Current proceedings**

Once the conviction and sentence became final, on March 17, 2022, the State of Alabama ("the State") filed a motion to set his execution date with the Alabama Supreme Court. The execution of Joe Nathan James has been set by the Supreme Court of Alabama for July 28, 2022. (*See* Doc. 1 at 14-16, hereinafter "the execution order" or "the Order"). In response to the setting

of his execution, Plaintiff has filed numerous actions, including the suit currently before the Court.[3]

On June 27, 2022, the Court received and docketed James' § 1983 action. In his Complaint, James alleges that the execution order under which his death sentence is currently being carried out is invalid, as it fails to comply with Ala. Code § 15-18-80, and he sues Defendants for their actions in issuing, delivering, accepting, and/or proceeding pursuant to the June 7, 2022, execution order issued by the Alabama Supreme Court. Specifically, he asserts the following claims against the defendants:

> As to the Sheriff of Jefferson County, that Defendant transported him to Holman Prison without an execution warrant, subjecting him to punishment and possibly death in violation of his rights to due process and equal protection. *Id*. at 9, 12.
>
> As to the Attorney General of the State of Alabama, that Defendant sought an execution warrant from the Alabama Supreme Court, with knowledge that the Court lacked authority to issue the warrant, with the intent to deprive him of due process and equal protection and to subject him to a second punishment. *Id*. at 9-10, 12.
>
> As to the Clerk of the Alabama Supreme Court, that Defendant issued the warrant setting the execution date with the intent to deprive James of due process and equal protection and subject him to a second punishment. *Id*. at 10.
>
> As to the Marshal of the Appellate Courts of Alabama, that Defendant delivered the warrant with the intent to deprive James of due process. *Id*. at 10, 12.
>
> As to the Warden of Holman Prison, that Defendant received James from the Sheriff without an execution warrant with the intent to deprive James of due process, equal protection and to subject him to punishment on a suspended sentence. Twenty-two years later, Defendant then received the execution warrant from the Marshal of the Appellate Courts of Alabama with the intent to deprive James of

---

[3]   As of the date of this opinion, there are five additional cases filed since June 22, 2022: *James v. Marshal, et al*, Civ. Act. No. 1:22-cv-241; *James v. Federal Defenders of the Middle District of Alabama*, Civ. Act. No. 1:22-cv-242; *James v. Raybon*, Civ. Act. No. 1:22-cv-252; *James v. Weller*, Civ. Act. No. 1:22-cv-270; and *James v. Pettway*, Civ. Act. No. 1:22-cv-271. This does not include the numerous *pro se* cases he previously filed in the last two years. *See, e.g. James v. Jefferson County*, Civ. Act. No. 1:22-cv-33; *James v. Raybon*, Civ. Act. No. 1:21-cv-437; *James v. Marshall*, Civ. Act. No. 1:21-cv-453; *James v. Raybon*, Civ. Act. No. 1:21-cv-450; *James v. Raybon*, Civ. Act. No. 1:22-cv-152; *James v. Raybon*, Civ. Act. No. 1:20-cv-299.

due process and equal protection and to subject him to a second punishment by taking his life. *Id*. at 5, 10.

As to the Commissioner of the Alabama Department of Corrections, that Defendant created a policy that has subjected James to punishment with no execution warrant on a suspended sentence and further subjected him to the execution process on a void and fraudulent warrant. *Id*. at 5.

James requests a preliminary injunction staying his execution due to the invalid execution warrant in currently place. *Id*. at 11.

The Court granted his motion to proceed *in forma pauperis* and construed the complaint as also containing a motion for preliminary injunction. *See* Doc. 4. On June 29, 2022, the Court ordered Defendants to respond to Plaintiff's Motion for Preliminary Injunction on or before July 8, 2022. *Id*. On July 6, 2022, Defendants John Hamm, Steve Marshall, and Terry Raybon filed a Motion to Dismiss Plaintiff's Compliant. Doc. 6. On July 7, 2022, Defendants Earl Marsh, Jr., and Julia Jordan Weller filed a Motion to Dismiss, as did Mark Levie Pettway on July 8, 2022. Docs. 7, 9. The Court construed the Defendants' Motions to Dismiss as the ordered responses to Plaintiff's Motion for Preliminary Injunction. The request for preliminary injunction is ripe for the Court's review.

## II.   JURISDICTION

This suit is brought pursuant to 42 U.S.C. § 1983 against Terry Raybon, John Hamm, Julia Jordan Weller, Steve Marshall, Earl Marsh, Jr., and Mark Levie Pettway in their official capacities as the Warden of Holman Correctional Facility, Commissioner for the Alabama Department of Corrections, Attorney General of the State of Alabama, Clerk of Court of the Supreme Court of Alabama, Marshal for Appellate Courts of Alabama, and Sheriff of Jefferson County, Alabama, respectively. Doc. 1 at 1.

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint

> under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) *(per curiam)* (citing *Preiser,* 411 U.S., at 500, 93 S.Ct. 1827). An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983. 540 U.S., at 750, 124 S.Ct. 1303.

*Hill v. McDonough*, 547 U.S. 573, 579, 126 S. Ct. 2096, 2101, 165 L. Ed. 2d 44 (2006). The crux of James' suit goes to the administrative procedures and protocol of carrying out his sentence, not to the enforcement of a conviction or sentence. That is, the nature of James' challenge does not necessarily imply the invalidity of his confinement or sentence. *But cf.*, *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (questions whether "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity" of the conviction or sentence); *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (questions whether the suit seeks to establish "unlawfulness [which] would render a conviction or sentence invalid"). Accordingly, § 1983 appears to be the proper vehicle for his challenge, where injunctive relief is sought to "discontinue the practice of delivery of the condemned and the warrant through illegal means, in violation of 15-18-80." The district court therefore has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

### III.  STANDARD OF REVIEW

**A.  Preliminary Injunction**

"Filing a § 1983 action does not entitle the complainant to an automatic stay of execution." *Hill v. McDonough*, 547 U.S. 573, 574, 126 S. Ct. 2096, 2099, 165 L. Ed. 2d 44 (2006) ("Such a stay is an equitable remedy not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from federal

courts."). Rather, "[i]ts grant is the exception rather than the rule[.]" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). The standard governing a stay of execution mirrors that for a preliminary injunction. *See Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011).

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). The party seeking the preliminary injunction bears the burden of establishing its entitlement to relief. *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010).

To obtain a preliminary injunction, the moving party must establish the following prerequisites: "(1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta-Richmond Cty.*, 365 F.3d 1247, 1262-63 (11th Cir. 2004); *see also Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (stating same four requirements). "[A] preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *GeorgiaCarry.Org*, 788 F.3d at 1322 (quoting *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001)); *accord Café 207, Inc. v. St. Johns Cty.*, 989 F.2d 1136, 1137 (11th Cir. 1993) ("A preliminary injunction is a drastic remedy and [the movant] bears the

burden to clearly establish each of the four prerequisites."); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) ("[G]ranting a preliminary injunction is the exception rather than the rule" and movant must clearly carry the burden of persuasion.). The moving party's failure to demonstrate a single element may defeat the request regardless of the party's ability to establish any of the other elements. *See, e.g., Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (failure to show irreparable injury); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (failure to establish substantial likelihood of success on the merits).

**B.      28 U.S.C. § 1915(e)(2)(B)**

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction

holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 678. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). In ascertaining whether Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all Plaintiff's allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

## IV. DISCUSSION AND ANALYSIS

### A. Preliminary Injunction

James' suit rises and falls with the validity of the execution order under which his death sentence is currently being carried out. That is, no defendant named in this action may be liable for constitutional violations alleged by James if the June 7, 2022 execution order was issued and delivered in a manner authorized and set out by state law. And, as previously determined in

Plaintiff's companion case, it was. *See James v. Raybon*, Civ. Act. No. 1:22-cv-252-TFM-N, Doc. 9. Indeed, this Court has already found the issuance and delivery of the Alabama Supreme Court's order setting James' execution for July 28, 2022, complies with the current state procedures and is a valid, legal execution warrant. James' reliance on Ala. Code § 15-18-80, as the proper procedure for the issuance of Alabama execution warrants, is simply incorrect. The Court hereby takes judicial notice of and incorporates by reference the analysis contained in its July 11, 2022 Order in *James v. Raybon*, Civ. Act. No. 1:22-cv-252-TFM-N (S.D. Ala.), Doc. 9, but summarizes it here for clarity.

Title 15 of the Alabama Code was originally enacted to govern the rules of Alabama criminal procedure. Title 15 included the superseded section, § 15-18-80, that once governed the housing and transportation of inmates sentenced to death and the issuance of execution orders.[4] It is on this section, § 15-18-80, that James relies and centers his lawsuit. Title 15 also included the following provision:

> Any provisions of this title regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the Supreme Court of Alabama.

ALA. CODE § 15-1-1. Since the enactment of Title 15 (and § 15-18-80), the Supreme Court of Alabama adopted the current Alabama Rules of Appellate Procedure, including Rule 8, which provides, in pertinent part:

> (1) *Death*. When pronouncing a sentence of death, the trial court shall not set an execution date, but it may make such orders concerning the transfer of the inmate to the prison system as are necessary and proper. The supreme court shall at the appropriate time enter an order fixing a date of execution, not less than 30 days from the date of the order, and it may make other appropriate orders upon

---

[4]   The Code Commissioner's Notes to § 15-18-80 reference that the statute (in part) is replaced by Rule 8, stating, "For part of this section being superseded by Rule 8, Alabama Rules of Appellate Procedure, see the committee comment to the amendment to Rule 8(d)(1), effective February 4, 1985."

> disposition of the appeal or other review. The supreme court order fixing the execution date shall constitute the execution warrant.

ALA. R. APP. P. 8(d)(1). Thus, the Alabama Supreme Court has adopted a "rule of practice and procedure" that governs and replaces Ala. Code. § 15-18-80 as it pertains to the issuance and delivery of execution warrants. *Cf. Holsemback v. State*, 443 So.2d 1371 (Ala. Crim. App. 1983) (Although a legislative enactment takes precedence over a court rule, when the Legislature gives the court the power to make rules and the court acts, the rules become of legislative origin in substance.); *see also Jones v. Allen,* 485 F.3d 635, 640 n.2 (11th Cir. 2007) ("[T]he Alabama Supreme Court is authorized to enter an order fixing an inmate's date of execution 'at the appropriate time.'") (citing ALA. R. APP. P. 8(d))).

Accordingly, the execution order setting the date of Joe Nathan James's execution for July 28, 2022, as he describes in his complaint and evidences with an attached copy, was issued by the Alabama Supreme Court in full compliance with Rule 8 and Alabama law.[5] James' contention that the execution order does not constitute a valid execution warrant under Alabama law is simply incorrect. It thus follows that Defendants are not liable for unconstitutional actions by their participation in the issuance, delivery, and/or receipt of the execution order. James has failed to establish a substantial likelihood of success on the merits of his claim and therefore is not entitled to a stay of execution. *See Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant 'clearly carries the burden of

---

[5] Undercutting James' foundational argument further is the Sentencing Order issued by the trial court, stating, "It is the judgment and sentence of the court that Joe Nathan James, Jr. be punished by death, said execution to be conducted at such time and place set by the Supreme Court of Alabama." *State v. James*, No. CC95-4747, 1999 WL 35026055 (Ala. Cir. Ct. Dec. 09, 1999) (Westlaw citation available only).

persuasion' as to the four prerequisites."); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (Movant carries the burden of persuasion of showing "a substantial likelihood of success on the merits of his claim".).

For this reason and those discussed further in Section IV., B., *infra*, his request for a preliminary injunction must be denied.

**B.      28 U.S.C. § 1915(e)(2)(B)**

Because Plaintiff proceeds *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e)(2)(B) which states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...(B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  To survive dismissal pursuant to § 1915(e)(2)(B), James must therefore show that his claim is not frivolous or meritless on based on the face of the § 1983 complaint.

To state a claim under § 1983, Plaintiff must establish that "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see also Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (In a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights to state a claim upon which relief may be granted.).  There is no dispute among the parties that the named Defendants are state actors, but James has failed to show that Defendants have violated his Fourteenth Amendment rights of due process or equal protection.

The Due Process Clause of Fourteenth Amendment protects against deprivations of "life,

liberty, or property, without due process of law." U.S. Const. amend. XIV. "A liberty interest may arise from the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies. . . ." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393, 162 L. Ed. 2d 174 (2005). Though not specifically stated in the Complaint, at issue here is James' continued interest in life, which he maintains notwithstanding an impending execution. *See Ohio Adult Parole Auth. v. Woodward*, 523 U.S. 272, 281 (1998) (A death row inmate "maintains a residual life interest, e.g., in not being summarily executed by prison guards."); *see also id.* at 289 ("When a person has been fairly convicted and sentenced, his liberty interest, in being free from such confinement has been extinguished. But it is incorrect . . . to say that a prisoner has been deprived of all interest in his life before his execution.") (O'Connor, J., concurring in part)). James' due process claim is premised on his challenge that the execution warrant issued on June 7, 2022 violated § 15-18-80, and therefore the Defendants' participation in the issuance and delivery of that execution violated his due process rights. However, as previously discussed, the Alabama Supreme Court issued order setting James' execution is in full compliance with Rule 8 and Alabama law. Because the execution warrant is legal, and because James relies on a superseded statute for the basis of his complaint, he has failed to state a claim for which relief may be granted. James' contention that Defendants Raybon, Hamm, Marshall, Weller, Marsh, and Pettway violated his due process rights is implausible on its face. *Iqbal*, 556 U.S. at 678.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1989) (quoting *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982)). To

state an Equal Protection claim, a plaintiff must (1) "show that the State will treat him disparately from other similarly situated persons," (2) "if a law treats individuals differently on the basis of a suspect classification, or if the law impinges on a fundamental right, it is subject to strict scrutiny, or (3) otherwise "must show that the disparate treatment is not rationally related to a legitimate government interest." *Arthur v. Thomas*, 674 F.3d 1257, 1263 (11th Cir. 2012) (internal modifications and citations omitted). James fails to allege facts to support any element of an equal protection claim. Namely, the complaint is void of allegations that he is being treated differently than other inmates, specifically those sentenced to death or that he is part of a protected class. Nor has he alleged facts indicating discrimination or differing treatment that is not rationally related to a legitimate government interest. Here, the Court can find no facts or allegations to support an equal protection claim.; thus, James has failed to plead "enough facts to state a claim to relief that is plausible on its face" *Twombly*, 550 U.S. at 570. Accordingly, this claim is due to be dismissed.

Furthermore, to the extent James challenges his transfer to Holman Correctional Facility twenty-two years ago, his claim is barred by the statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama the governing limitation period is two-years. *See* ALA. CODE § 6-2-38. Therefore, to have his claim heard, James was required to bring it within two years from the date the limitations period began to run. "[T]he statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McNair*, 515 F.3d at 1173 (quoting *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir.1987) (internal quotations omitted)); *see also Kelly v. Serna,* 87 F.3d 1235, 1238 & 1238-39 (11th Cir. 1996) (recognizing both that "[a] statute of

limitations begins to run when the cause of action accrues[ ]" and that "[a]ccrual of a cause of action under 42 U.S.C. § 1983 is a question of federal law.")

It is undisputed that James was transferred to Holman prison by the Sheriff of Jefferson County, Alabama (Defendant Pettway's predecessor) over twenty-two (22) years ago. It was on this date that the statute of limitations period began to run. There can be little debate that James was aware that he was sentenced to death on December 9, 1999 and that he was being taken to Holman prison to await an execution date.[6] Accordingly, the two-year limitations period under § 1983 began to "run" once he arrived at Holman prison and expired two years later. This action was filed in June of 2022, over 20 years after the occurrence of the alleged unconstitutional actions forming the basis of his claim. Therefore, James' claim regarding his original transfer to Holman prison is time barred and due to be dismissed.

Accordingly, James has not and cannot show that Defendants violated his rights to due process and equal protection when Defendant Pettway transported James to Holman twenty-two years ago, when Defendant Marshall obtained the execution warrant, when Defendant Weller issued the execution warrant, when Defendant Marsh delivered the execution warrant, or when Defendant Raybon received the execution warrant (or when he received James twenty-two years ago). James also has not and cannot show that Defendant Hamm is liable for allowing James to be executed "on a void and fraudulent warrant." Doc. 1 at 5, 9-10. Consequently, James' complaint is implausible on its face and fails to state a claim upon which relief can be granted.[7]

---

[6]   See n.5, *supra*.

[7]   The Court pauses to note that Defendant Pettway has asserted the defense of qualified immunity and sovereign immunity has been asserted by Defendants Weller and Marsh. *See* Docs. 7, 9. It is unquestionable that this action has been brought against all Defendants solely in their official capacities, thus rendering qualified immunity inapplicable but opening the door to the issue of Eleventh Amendment immunity. *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985) ("The only immunities that can be claimed in an official-capacity

Based on the foregoing, this action is due to be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failure to state a claim upon which relief can be granted or as frivolous.

### V.  CONCLUSION

Based on the above, it is **ORDERED** that James' Motion for a Preliminary Injunction staying his execution is **DENIED**.

It is furthered **ORDERED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), that James' Complaint (Doc. 1) is **DISMISSED without prejudice** because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.  As a result, the Defendants' Motions to Dismiss (Docs. 6, 7, 9) are **DENIED as moot**.[8]

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the Plaintiff by overnight mail.  Further, Defense Counsel is **ORDERED** to send a copy of the Memorandum Opinion and Order to the warden by either electronic mail or facsimile with the instructions that a copy of this Memorandum Opinion and Order be given to the Plaintiff immediately upon receipt.

---

action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment.").  Because the Court has determined that James' suit fails on the merits and face of the complaint, it further determines there is no reason to address whether or not Defendants are entitled to sovereign immunity or whether James' request for injunctive relief places the claim within the exception of *Ex parte Young*.  *See Ex parte Young*, 209 U.S. 123, 158-59, 28 S. Ct. 441, 52 L. Ed. 714 (1908) (finding an exception to sovereign immunity where a plaintiff seeks prospective relief to end a continuing violation of federal law).

[8]   While normally the Court would issue a briefing schedule for a response to the motion to dismiss, the review under 28 U.S.C. § 1915(e)(2)(B) rendered the briefing process unnecessary.  Further, given the time constraints involved in this matter, the Court determined it to be appropriate to issue an order as promptly as possible.

**DONE** and **ORDERED** this 13th day of July 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE